IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUSTICE WALKER AND | § | |
| DERRICK RIPPATOE, | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-114-BK |
| | § | |
| EVERHART TRANSPORTATION, INC. | § | |
| AND ROGER BOWENS, | § | |
|     DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is *Defendants' Motion to Partially Dismiss Pursuant to Rule 12(b)(6)*, Doc. 10. For the reasons that follow, the motion is **GRANTED**.

**I. BACKGROUND**

This is a personal injury case. Plaintiffs allege that, in January 2022, they were traveling eastbound in the right-hand lane on Highway 80 in Dallas County. Doc. 1 at 2. At the same time, Defendant Roger Bowens, in connection with his employment with Defendant Everhart Transportation, Inc., was driving a tractor-trailer in the same direction in the left-hand lane. Doc. 1 at 2-3. Plaintiffs contend that Bowens crossed into their lane and hit their vehicle, causing them injury. Doc. 1 at 2-3.

In January 2024, Plaintiffs filed this lawsuit asserting diversity jurisdiction and alleging three claims: (1) negligence/wantonness against Bowens; (2) *respondeat superior* liability as to Everhart; and (3) negligent/wanton hiring, training, retention, and/or entrustment against Everhart. Doc. 1 at 3-7. Plaintiffs seek compensatory and punitive damages. Doc. 1 at 4, 6.

By the motion *sub judice*, Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of (1) Plaintiffs' direct liability claims against Everhart (Count Three), and (2) Plaintiffs' demand for punitive damages as to both defendants. Doc. 10. Plaintiffs have filed a response, Doc. 16; thus, the motion is ripe for disposition.

## II. APPLICABLE LAW

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, (alteration omitted) (quoting Federal Rule of Civil Procedure 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## III. ANALYSIS

### A. Count Three of the Complaint Fails to Allege a Viable Claim

#### 1. Negligent Hiring

A negligent hiring claim requires a plaintiff to allege enough facts to establish that the employer was negligent because it "fail[ed] to investigate, screen, or supervise its hirees" as it

had a duty of care to do, and this failure "proximately caused the injuries" the plaintiff alleges. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010) (internal quotation marks and citations omitted). To maintain a negligent hiring claim based on a failure to screen or investigate, a plaintiff must show that "anything found in a background check 'would cause a reasonable employer to not hire' the employee, or would be sufficient to put the employer 'on notice that hiring [the employee] would create a risk of harm to the public.'" *Id.* (quoting *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796-97 (Tex. 2006)) (alteration in original); *Hernandez v. Ventura Sys LLC*, No. 3:23-CV-2244-D, 2024 WL 583500, at *4 (N.D. Tex. Feb. 13, 2024) (Fitzwater, J.) (same) (quoting *TXI Transp. Co.*, 306 S.W.3d at 240).

> After describing the accident, the Complaint asserts:
>
> At the time of the occurrence forming the basis of [Plaintiffs'] Complaint, [Bowens] was acting as the agent, servant and/or employee of [Everhart]. . . . As [Bowens]' principal and/or employer, [Everhart] had a duty to exercise due and proper diligence in hiring . . . competent employees. . . . [Everhart] negligently or wantonly breached this duty by failing to hire . . . competent employees on or about the date of the occurrence made the basis of [Plaintiffs'] Complaint. . . . As a proximate consequence thereof, Plaintiffs were injured and damaged as set out above.

Doc. 1 at 6.

Everhart argues that Plaintiffs have not adequately alleged "facts to support the conclusion that at the time of hire or at any time prior to the alleged accident, [Bowens] was unfit for hire or had some information in his background that would cause a reasonably prudent employer to pass on hiring him." Doc. 11 at 3. In their response, Plaintiffs counter that their complaint satisfies the pleading requirements by providing Everhart with "fair notice" of this claim. Doc. 16 at 2-3 (citing, *inter alia*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

3

Everhart's position has merit. Plaintiffs have alleged, at best, legal conclusions—not facts—that purport to show Everhart's breach of its duty to investigate, screen, or supervise Bowens. *See* Doc. 1 at 6; *Hann v. IMC Waste Disposal*, No. 7:22-CV-00102-O, 2023 WL 4208057, at *5 (N.D. Tex. June 27, 2023) (O'Connor, J.)(dismissing a negligent hiring claim in a motor vehicle accident case where plaintiff failed to allege facts "that could have been found in a background check that would have caused a reasonable employer to refrain from hiring [the employee-driver] or shown he was a risk of harm to the public"); *Joseph v. Hood*, No. 6:19-CV-105-JCB-KNM, 2020 WL 2487053, at *3 (E.D. Tex. Feb. 18, 2020), *adopted by*, 2020 WL 1076040 (E.D. Tex. Mar. 6, 2020) (same) (citation omitted).

*2. Negligent Training*

Under Texas law, employers generally have no duty to train a driver-employee about commonly known dangers associated with the job. *Nabors Drilling, U.S.A. v. Escoto*, 288 S.W.3d 401, 412 (Tex. 2009) (declining to impose a duty on an employer to instruct its driver-employee about the risks of driving while fatigued). A cause of action for negligent training thus requires a plaintiff to allege that a "reasonably prudent employer would have provided training beyond that which was given," and that this failure to do so proximately caused the alleged injuries. *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018) (internal quotation marks and citations omitted); *Hann*, 2023 WL 4208057, at *5 (dismissing a negligent training claim when the complaint lacked any facts that "would cause a reasonably prudent employer to provide training beyond what [the employee-driver] was given").

As to this claim, the Complaint again describes the accident and then asserts the following:

4

> At the time of the occurrence forming the basis of [Plaintiffs'] Complaint, [Bowens] was acting as the agent, servant and/or employee of [Everhart]. . . . As [Bowens]' principal and/or employer, [Everhart] had a duty to exercise due and proper diligence in . . . training . . . competent employees. . . . [Everhart] negligently or wantonly breached this duty by failing to . . . train . . . competent employees on or about the date of the occurrence made the basis of [Plaintiffs'] Complaint. . . . As a proximate consequence thereof, Plaintiffs were injured and damaged as set out above.

Doc. 1 at 6.

Everhart argues that Plaintiffs do not plead that Bowens did not understand "the concept of lane divider lines" or that "Everhart had some other reason to provide training regarding the obeyance of lane dividers." Doc. 11 at 4. Plaintiffs respond by repeating their "fair notice" argument. Doc. 11 at 2-3.

As with Plaintiffs' negligent hiring claim, they have not alleged enough facts to sustain a negligent training claim. As Everhart emphasizes, the complaint provides no basis to infer that Bowens did not understand the concept of lane divider lines or that Everhart had an independent duty to train him on that concept. *See Cobos v. Bluefin Water Sols., LLC*, No. 21-CV-00072-DC-DF, 2022 WL 847235, at *8 (W.D. Tex. Mar. 22, 2022) (recommending dismissal of a negligent training claim when plaintiff "asserted no factual information regarding [the employer's] training process for tractor-trailer operators such as [the employee-driver]"), *adopted by*, 2022 WL 2720854 (W.D. Tex. Apr. 6, 2022).

### 3. Negligent Supervision

In pleading a negligent supervision claim, a plaintiff must allege facts from which it can be reasonably inferred that "(1) the defendant owed [plaintiff] a legal duty to supervise its employees, (2) the employer breached the duty, and (3) the breach proximately caused the plaintiff's injuries." *Brown v. McClure*, No. 01-19-00504-CV, 2021 WL 6119990, at *8 (Tex.

5

App.—Houston [1st Dist.] Dec. 28, 2021, no pet.) (mem. op.) (collecting cases). Stated more succinctly, the employer's failure to supervise its employee must have caused the plaintiff's injuries. *Dangerfield v. Ormsby*, 264 S.W.3d 904, 913 (Tex. App.— Fort Worth [2nd Dist.] 2008, no pet.) (mem. op.).

> The Complaint asserts, *inter alia*:
>
> At the time of the occurrence forming the basis of [Plaintiffs'] Complaint, [Bowens] was acting as the agent, servant and/or employee of [Everhart]. . . . As [Bowens]' principal and/or employer, [Everhart] had a duty to exercise due and proper diligence in . . . supervising . . . competent employees. . . . [Everhart] negligently or wantonly breached this duty by failing to . . . supervise . . . competent employees on or about the date of the occurrence made the basis of [Plaintiffs'] Complaint. . . . As a proximate consequence thereof, Plaintiffs were injured and damaged as set out above.

Doc. 1 at 6. Everhart argues that negligent supervision is not an independent cause of action under Texas law, and even if it is construed as one here, Plaintiffs have pleaded only conclusory allegations. Doc. 11 at 4.

While the Texas Supreme Court has not definitely established that negligent supervision constitutes an independent claim, intermediate state appellate courts have addressed such claims on the merits, and those opinions should not be "disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citation omitted). Consistent with that line of cases, the salient allegations here lack the requisite factual context, as they are merely a recitation of the elements of a negligent supervision claim. *See Joseph*, 2020 WL 2487053, at *3 (highlighting that plaintiff "failed to plead any fact showing that [the employer] should have provided [the employee-driver] with . . . supervision beyond what he was

6

given" in dismissing direct liability claims against the employer in a motor vehicle accident case). Consequently, Plaintiffs have not adequately pleaded a claim for negligent supervision.

### 4. Negligent Entrustment

To plead a negligent entrustment claim, a plaintiff must state enough facts, which if proven, would show that: (1) the defendant entrusted the vehicle to a driver; (2) the driver was unlicensed, incompetent, or reckless; (3) at the time of the entrustment, the defendant "knew or should have known that [the driver] was an unlicensed, incompetent, or reckless driver"; (4) the driver was "negligent on the occasion in question"; and (5) the driver's negligence proximately caused the collision. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007). While a licensed driver is presumptively a competent driver under Texas law, previous traffic violations or other past events may suggest that the driver was incompetent at the time of entrustment. *Hann*, 2023 WL 4208057, at *4 (citations omitted). That said, a claim for negligent entrustment cannot stand if the defendant's negligence "did no more than furnish a condition which made the injury possible." *TXI Transp. Co.*, 306 S.W.3d at 241 (citation omitted).

Plaintiffs' claim for negligent entrustment is solely limited to its inclusion in the title of Count Three ("NEGLIGENT/WANTON . . . ENTRUSTMENT"). Doc. 1 at 6. Everhart argues that, because this claim appears only in the title of Count Three, it lacks the requisite factual support. Doc. 11 at 5. For obvious reasons, the Court concludes that Everhart is correct, as the Complaint is wholly devoid of factual allegations from which it can be reasonably inferred that Everhart "knew or should have known that [Bowens] was an unlicensed, incompetent, or reckless driver" at the time of entrustment. *See Goodyear Tire & Rubber Co.*, 236 S.W.3d at

7

758. At best, the Complaint suggests only that Everhart "furnish[ed] a condition which made the injury possible" by providing Bowens with the vehicle that he was driving.  *See TXI Transp. Co.*, 306 S.W.3d at 241 (citation omitted).  Dismissal is thus appropriate.

### 5. Plaintiffs' Fair Notice Argument

Plaintiffs' counterarguments of fair notice, in reliance on *Erickson*, as to Defendant's allegations of pleading deficiencies in Count Three is misplaced.  Central to the holding in *Erickson* was that the plaintiff was proceeding *pro se* and thus was entitled to liberal construction of his pleadings.  *See Erickson*, 551 U.S. at 94.  Such is not the case here, as Plaintiffs have always been represented by counsel in this lawsuit.  That notwithstanding, *Erickson* did not hold that a plaintiff can defeat a Rule 12(b)(6) motion by pleading less than "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Iqbal*, 556 U.S. at 678.

### B.  Plaintiffs' Fail to Plead Facts Supporting Punitive Damages Claim

Under Texas law, punitive damages are "exemplary damages" and "may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from . . . gross negligence."  TEX. CIV. PRAC. & REM. CODE §§ 41.001(5), 41.003(a).  Thus, the claimant's burden is "not . . . satisfied by evidence of ordinary negligence."  *Id.* § 41.003(b).  Gross negligence has two components:

> (1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others.

*Louisiana-Pacific Corp. v. Andrade*, 19 S.W.3d 245, 246 (Tex. 1999) (citation omitted).  In keeping with the forgoing, punitive damages are not justified based on "ordinary negligence."  TEX. CIV. PRAC. & REM. CODE § 41.003(b).

Here, Defendants argue that Plaintiffs' demand for punitive damages in Count One and Count Three should be dismissed because the facts pled in the Complaint fail to it.  Doc. 11 at 5-6.  Plaintiffs respond that Defendants' argument is more appropriate for the summary judgment stage, and in any event, they have "pleaded claims that trigger punitive damages."  Doc. 16 at 4.

The Court begins by noting that Plaintiffs are not entitled to punitive damages on Count Three, as that count is inadequately pleaded as discussed *supra*.  *See Hernandez*, 2024 WL 583500, at *7 (holding that the plaintiff failed to plead a gross negligence claim against the defendant-employer in light of the determination that the complaint's allegations did not establish an ordinary negligence claim).

As to Count One, alleged against only Bowens, Plaintiffs plead no facts that could legally support a demand for punitive damages, thus, they fail to adequately state a claim for such.  *See, e.g.*, *Martinez v. Peterbilt Motors Co. Paccar Inc.*, No. SA-04-CA-0332-RF, 2004 WL 3218388, at *3 (W.D. Tex. Nov. 10, 2004) (dismissing a gross negligence claim at the pleading stage when plaintiffs' allegations were conclusory and thus inadequate to sustain a claim); *Coulter v. Deere & Co.*, No. 4:21-CV-2105, 2022 WL 3212999, at *9 (S.D. Tex. Aug. 9, 2022) (dismissing a gross negligence claim and its accompanying demand for punitive damages pursuant to Rule 12(b)(6) when plaintiff did not allege "facts supporting conscious indifference or subjective awareness of the foreseeable risk").  At best, Count One sounds in ordinary negligence since the Complaint contains no facts to show that Bowens acted with the requisite "conscious

9

indifference" in crossing into Plaintiffs' lane of travel and striking their vehicle that would support a finding of gross negligence.  See *Louisiana-Pacific Corp.*, 19 S.W.3d at 246 (noting the subjective component of this inquiry) (citation omitted).

## IV. LEAVE TO AMEND

Suits should be dismissed without prejudice on Rule 12 motions when possible.  *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Courts thus generally allow at least one opportunity to amend following a Rule 12 dismissal on the pleadings.  *Id.*; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548-49 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").  Yet courts may appropriately dismiss an action with prejudice upon finding that the plaintiff has alleged its best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiffs have not previously amended their Complaint and it is not readily apparent from review of the Complaint that they have already alleged their best case with respect to the deficiencies outlined herein.  Accordingly, Plaintiffs are permitted, if desired, to amend their complaint in attempt to cure said deficiencies.

## V. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Partially Dismiss Pursuant to Rule 12(b)(6)*, Doc. 10, is **GRANTED** to the extent stated here.  Specifically, Count Three of the Complaint and Plaintiffs' demand for punitive damages are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs are granted leave to file an amended complaint no later than April 19, 2024, to cure the deficiencies noted herein, if possible.  In the event Plaintiffs fail to cure the

deficiencies noted herein, however, Defendant may re-urge its motion for dismissal with prejudice.

**SO ORDERED** on April 5, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

11